**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 9:18-cr-00773-DCN |
| vs. ) | |
| ) | **ORDER** |
| MARQU' ANTHONY SINGLETON, ) | |
| Defendant. ) | |
| _____ ) | |

The following matter is before the court on Marqu' Anthony Singleton's ("Singleton") pro se motion to have his record expunged. ECF No. 57. On August 15, 2018, Singleton was indicted for knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) ("count 1"). ECF No. 1.

On March 14, 2019, Singleton filed a motion to suppress the evidence that led to count 1, based on a violation of his rights under the Fourth, Fifth and Sixth Amendments. ECF No. 43. After a hearing on the motion to suppress, the government determined it would be in the best interest of justice to file a motion to dismiss count 1, without prejudice, against Singleton. ECF No. 52. On May 6, 2019, the court dismissed count 1 without prejudice. ECF No. 53. On April 1, 2020, Singleton wrote a pro se motion in the form of a letter to the court requesting an equitable expungement of his arrest record. See ECF No. 57.

Where a party seeks to adjudicate in federal court, the party "must demonstrate the federal court's jurisdiction over the matter." Exxon Mobil Corp. v. Allapattah Servs.,

Inc., 545 U.S. 546, 552 (2005); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding federal courts "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree."). Since the Supreme Court decided Kokkonen in 1994, seven circuit courts have found that Kokkonen bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons. See United States v. Mettetal, 714 F. App'x 230, 234–35 (4th Cir. 2017) (unpublished opinion) (listing cases from the First, Second, Third, Sixth, Seventh, Eighth, and Ninth Circuits). The Fourth Circuit in Mettetal held it "joins the unified front of circuit authority in rejecting" ancillary jurisdiction to hear requests for equitable expungement of arrests. Id. at 235.

The court concludes it does not have the jurisdiction to grant Singleton the relief he seeks.

Singleton's motion is, therefore, **DENIED.**

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 30, 2020**
**Charleston, South Carolina**